UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MELISSA MOLINA,

               Plaintiff,

      -against-

ANDREW M. SAUL,
Commissioner of Social Security,

               Defendant.

-------------------------------------------------------------X

**ORDER**

19 Civ. 10575 (JCM)

      Plaintiff Melissa Molina ("Plaintiff") commenced this action on November 14, 2019

pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of

Social Security ("Commissioner"), who denied Plaintiff's application for disability benefits.

(Docket No. 1). On May 11, 2020, the Court so-ordered the parties' joint stipulation, remanding

the case to the Commissioner for further administrative proceedings. (Docket No. 21). An

Administrative Law Judge ("ALJ") later issued a favorable decision for Plaintiff. (*See* Docket

No. 31-2). Presently before the Court is a motion for attorney's fees ("Motion") brought by

Plaintiff's counsel, Lewis B. Insler, Esq. ("Insler"), pursuant to 42 U.S.C. § 406(b). (Docket No.

30). The Commissioner does not oppose the motion. (Docket No. 34). For the reasons set forth

below, Plaintiff's Motion is granted.[1]

## I. BACKGROUND

      Plaintiff filed an application for Social Security Disability benefits on June 29, 2016.

(Docket No. 19-2 at 12). The Social Security Administration ("SSA") denied Plaintiff's claim

and the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act

---

[1] This action is before the Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c) and
Federal Rule of Civil Procedure 73. (Docket No. 17).

after a hearing. (*Id.* at 18). After the Appeals Council denied Plaintiff's request for review, Plaintiff retained Insler to represent her in federal court. (Docket No. 31 ¶ 2) ("Insler Aff.").

Plaintiff commenced her federal action on November 14, 2019 by filing a complaint. (Docket No. 1).[2] Pursuant to a so-ordered stipulation between the parties, the Court remanded the case to the Commissioner on May 13, 2020 for further proceedings, in accordance with sentence four of 42 U.S.C. § 405(g). (Docket No. 21). The Court additionally endorsed a stipulation between the parties for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $2,300.00. (Docket No. 24). On remand, the ALJ found that Plaintiff was disabled and entitled to disability benefits as of June 2015. (Docket No. 32-1). The SSA issued a Notice of Award ("NOA") to Plaintiff on February 22, 2021. (*Id.*). Insler was informed of the amount of benefits Plaintiff received on February 26, 2021. (Insler Aff. ¶ 4).

On March 2, 2021, Plaintiff filed the instant Motion seeking an award of attorney's fees in the amount of $5,500.00 pursuant to 42 U.S.C. § 406(b). (*Id.* ¶ 7[3]). Insler affirms that this sum represents his fees for 13.04 hours of work performed in federal court, which amounts to less than 25 percent of the past-due benefits awarded to Plaintiff.[4] (*Id.* ¶¶ 5[5], 7). Counsel represents that if he receives the requested fee, he will refund to the Plaintiff the EAJA fee of $2,300.00. (*Id.* ¶ 7). Counsel thus seeks a net award of $3,200.00 ($5,500.00 less the $2,300.00 already awarded under the EAJA). (*See id.*).

---

[2] Plaintiff filed an amended complaint on January 15, 2020 to correct the spelling of her first name. (Docket No. 10 ¶ 5). The amended complaint is substantively identical to the original complaint. (*See* Docket Nos. 1, 10).

[3] Due to a typographic error in Insler's Affirmation, two consecutive paragraphs are numbered as paragraph "7."

[4] Twenty-five percent of the past-due benefits awarded to Plaintiff amounts to $14,733.50. (Insler Aff. ¶ 5).

[5] Due to a typographic error in Insler's Affirmation, two consecutive paragraphs are numbered as paragraph "5."

By letter dated April 2, 2021, the Commissioner informed the Court that counsel's Motion appears to be timely filed, that he does not object to the amount sought by Plaintiff's counsel for payment of attorney's fees, that the *de facto* hourly rate of $421.78 does not appear to be a windfall and that there is no evidence of fraud or overreaching. (Docket No. 34 at 2–5).

## II. DISCUSSION

Under the Social Security Act, when an attorney represents a claimant who receives a favorable judgment from the court, the court may determine and allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).  Section 406(b) permits the court to award attorney's fees "after a case has been remanded for further proceedings under sentence four of" Section 405(g) where the ALJ subsequently awards benefits. *Rose v. Barnhart*, No. 1-CIV-1645 (KMW)(RLE), 2007 WL 549419, at *3 (S.D.N.Y. Feb. 16, 2007).  Furthermore, the Commissioner may "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." *Id*. As such, a fee award under 42 U.S.C. § 406(b) is not the result of any fee shifting between the parties, but it is instead an amount paid by the social security claimant to his or her own attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

### A.  Timeliness of Motion for Attorney's Fees

42 U.S.C. § 406(b) does not specify a time limit for filing motions for attorney's fees. The Second Circuit recently determined that the timing requirement set forth in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure ("Rule 54"), which provides that a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment," applies to Section 406(b) applications. *Sinkler v. Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019).  However, the literal application of Rule 54 to a sentence four remand presents practical problems, because "the

- 3 -

Commissioner typically does not calculate the amount of past-due benefits until months after the district court remands" the case. *Id.* at 87. Further, the amount of the award "is necessary to identify the maximum attorney's fees that may be awarded under § 406(b)," and is thus a "condition precedent" to filing a fee application. *Id.* at 85; *Geertgens v. Colvin*, 13 Civ. 5133 (JCF), 2016 WL 1070845, at *2 (S.D.N.Y. Mar. 15, 2016). To address this issue, the Second Circuit subjects Rule 54's fourteen day filing deadline to equitable tolling where a claim is remanded for further proceedings, "to prevent the absurd outcome inherent in applying a deadline that cannot be met." *Sinkler*, 932 F.3d at 88 (citing *Walker v. Astrue*, 593 F.3d 274, 279–80 (3d Cir. 2010)). Accordingly, where "a Social Security claimant secures a judgment reversing a denial of benefits and remanding for further proceedings, the fourteen-day filing period is tolled until" counsel receives notice of the amount of the claimant's benefits award. *Sinkler*, 932 F.3d at 85, 88.[6] Furthermore, district courts "are empowered to enlarge" the fourteen-day filing period where circumstances warrant. *Id.* at 89.

---

[6] *Sinkler* is ambiguous as to whether the fourteen-day filing period begins to run when a Plaintiff receives an award notice from the Commissioner or when counsel is notified of the amount of the benefits award. *Compare* 932 F.3d at 91 ("the fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation"), *with id.* at 88 ("Once counsel receives notice of the benefits award . . . Rule 54(2)(B)'s fourteen-day limitations period" applies.). At least one court in this circuit has determined that "it is most consistent with the Second Circuit's reasoning to apply equitable tolling by reference to the date upon which counsel learns of the award and is able to perform necessary computations." *Boylan v. Saul*, No. 15-CV-6730-LTS-JCF, 2020 WL 5325755, at *2 n.3 (S.D.N.Y. Sept. 2, 2020) (citing *Walker*, 593 F.3d at 280 (the filing period is tolled "until the notice of award is issued by the Commissioner on remand, and *counsel* is notified of that award.") (emphasis in original)). Nevertheless, any ambiguity presented by *Sinkler* need not be resolved here. On October 13, 2020, the undersigned granted Plaintiff's motion to equitably toll the time for Insler to file a motion for attorney's fees until *counsel* received notice of the amount of Plaintiff's benefits award. (Docket No. 26). Additionally, the instant Motion is timely regardless of whether equitable tolling is applied by reference to the date on which Plaintiff received her NOA, February 22, 2021, or the date that counsel was notified of the award amount, February 26, 2021. (*See* Docket No. 31-2; Insler Aff. ¶ 4).

In the present case, counsel was notified of the amount of Plaintiff's benefits award on February 26, 2021 and filed his fee application four days later, on March 2, 2021. (Insler Aff. ¶ 4; Docket No. 30). The Motion is therefore timely under *Sinkler*. *See* 932 F.3d at 88.

## B. Reasonableness of Award Requested

Although 42 U.S.C. § 406(b) requires the court to review the reasonableness of any requested attorney's fees, because a contingency fee arrangement is the result of a freely negotiated arrangement between the claimant and his or her attorney, the court may only reduce the agreed upon contingency fee amount when it finds the amount unreasonable. *Wells*, 907 F.2d at 371. Thus, "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002). The Supreme Court further determined that the 25 percent cap on attorney's fees applies only to fees for court representation and instructs district courts not to aggregate fees awarded under both 42 U.S.C. § 406(a) and § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 522–23 (2019).

To determine the reasonableness of a contingency fee, a court should determine (1) that the fee is within the 25 percent statutory cap; (2) whether there has been fraud or overreaching in making the contingency agreement; and (3) whether the fee amount is so large that it constitutes a windfall to the attorney. *Wells*, 907 F.2d at 372; *see also Gisbrecht*, 535 U.S. at 808. Fee awards may be made under both § 2412 of the EAJA and 42 U.S.C. § 406(b), but the attorney must return the smaller fee to the client. *See Gisbrecht*, 535 U.S. at 796.

Applying these standards, the Court concludes that the fee sought by Plaintiff is reasonable within the meaning of 42 U.S.C. § 406(b). Insler spent 13.04 hours working on Plaintiff's case, which computes to an hourly rate of approximately $421.78 per hour if

Plaintiff's request is approved. (Insler Aff. ¶ 7).[7] The $5,500.00 award sought by Plaintiff's counsel does not exceed the 25 percent statutory ceiling and there is no evidence of fraud or overreaching in making the contingency agreement. (*See* Docket No. 31-3).

Moreover, the fee sought by Plaintiff will not result in a windfall to Insler for several reasons. First, Insler represented Plaintiff on a contingency fee basis, and the fee sought appropriately accounts for the risk of taking on a contingency case. *See Wells*, 907 F.2d at 371 ("In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."). Second, Insler seeks compensation for 13.04 hours expended on Plaintiff's case, which was resolved in Plaintiff's favor and ultimately resulted in Plaintiff receiving an award of $59,860.50.[8] (*See* Docket No. 31-2; Insler Aff. ¶ 5). Courts in the Second Circuit have found that attorneys are generally compensated for twenty to forty hours of work in "routine" Social Security benefits cases. *See, e.g.*, *Torres v. Barnhart*, No. 02 Civ. 9209(AJP), 2007 WL 1810238, at *15 (S.D.N.Y. June 25, 2007) (citing *Grey v. Charger*, 95 Civ. 8847 (JFK), 1997 WL 12806, at *1 (S.D.N.Y. Jan. 14, 1997) (collecting cases)). Having examined the submitted time sheets, (Docket No. 31-3), the Court concludes that the 13.04 hours Insler expended on this case were reasonable in light of Plaintiff's award. *See Gisbrecht*, 535 U.S. at 808. Third, courts in this circuit have awarded significantly higher rates than the *de facto* hourly rate requested by Insler in similar Social Security benefits cases. *See, e.g.*, *Torres v. Colvin*, No. 11 Civ. 5309 (JGK), 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) (in social security cases, "a substantial body of case

---

[7] While the lodestar method is not used in calculating attorney's fees pursuant to Section 406(b), when assessing a reasonable fee, courts initially look at the number of hours expended and the hourly rate the attorney would obtain. *See Blizzard v. Asture*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007).

[8] This figure represents the $45,127.00 that Plaintiff received plus the $14,733.50 that was statutorily withheld by the Commissioner. (Docket No. 31-2 at 1; Insler Aff. ¶ 5).

law has awarded rates that approach, if they do not exceed, $1,000.00.") (citing cases). Finally, the Court notes that the Commissioner has no objection to Plaintiff's requested award. (Docket No. 34). Accordingly, the Court concludes that an attorney's fee award of $5,500.00 is reasonable.[9]

## III. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Motion and awards $5,500.00 to Insler as attorney's fees pursuant to 42 U.S.C. § 406(b) less the $3,200.00 already received by Plaintiff's counsel under the EAJA, for a net award of $3,200.00.

Dated:   May 25, 2021
        White Plains, New York

**SO ORDERED:**

JUDITH C. McCARTHY
United States Magistrate Judge

---

[9] As discussed *supra*, Insler requests that the Court approve an award of 5,500.00 and has indicated that he will return $3,200.00 to Plaintiff. (Insler Aff. ¶ 7).